The People of Puerto Rico, Plaintiff and Appellee, v. Elías Bou, Defendant and Appellant.

No. 10608. Argued November 16, 1944.—Decided January 25, 1945.

*José E. Bosh Roque* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant was convicted of transporting cow's milk adulterated with water, to be used for human consumption, and he was sentenced to pay a fine of $25. He admitted that the milk turned out to be adulterated and that it was for the use of human consumption, but he alleges that those facts although proved do not constitute an offense, in. view of Article 61 of Regulations No. 96 of the Health Department promulgated by the Governor on September 26, 1937. Pursuant to said Article, any person who has milk in his possession shall be relieved of responsibility if it is proven that he received it in the same container in which it was when the sample was taken, and that the caps or seals, if any, had remained untouched. Indeed, the evidence conclusively shows that the milk containers seized from the appellant while he carried them through the town of Cataño

for delivery to the milk stand of Eligio de Jesús, were covered and that the caps were fixed with chains and locks and that a key to each lock was kept in the dairy and another by the owner of said milk stand, so that the appellant could not open the containers without breaking the locks. It is evident, therefore, that appellant's case is covered by the provisions of Article 61 of Regulations No. 96 of the Health Department.

Act No. 81 of March 14, 1912 (Laws of 1912, p. 122), to reorganize the Sanitation Service, authorizes the Insular Board of Health to prescribe rules and regulations "governing the transportation of milk and other dairy products." The question to be determined herein is whether the Insular Board of Health has exceeded the powers conferred upon it by the Legislature under Act No. 81 of 1912, in view of the provisions of §·1 of Act No. 77, approved August 12, 1925 (Laws of 1925, p. 558), which reads as follows:

"Every person who adulterates or dilutes milk and every person who sells, . . . or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor and, upon conviction, shall be punished for the first offense by a fine of not less than twenty-five (25) nor more than one hundred (100) dollars."

The above-quoted Section provides that it shall be a crime punishable by law to transport adulterated milk for the use of human consumption, the criminal intention not being an element of the offense. Consequently, any person who transports cow's milk to be used for human consumption assumes the risk of being found guilty of the offense if the milk is found adulterated, even though the carrier has not tampered, directly or indirectly, with the product and was unaware that the same was adulterated when he transported it. *People* v. *Cartagena,* 37 P.R.R. 428; *People* v. *Román,* 60 P.R.R. 622, and *People* v. *González,* 63 P.R.R. 138.

By providing under Article 61 of Regulations No. 96 of the Health Department that any person who transported adulterated milk was not guilty of the offense contained in § 1 of Act No. 77 of 1925, if he complied with the provisions of Article 61, the Insular Board of Health was inserting an exception and consequently amending said § 1, that is, it was exercising the power of law-making. It is quite a different thing to delegate the power to make the law, which necessarily involves a discretion as to what said law shall be, than to confer authority or discretion to approve regulations as to its execution in pursuance of the law. The first cannot be done without violating § 25 of the Organic Act which confers all the local legislative powers in Puerto Rico, unless otherwise provided by the Organic Act, on the Legislature of Puerto Rico which cannot delegate them.[1] As to the latter, no valid objection can be made. *Field* v. *Clark*, 143 U. S. 649; *Caha* v. *United States*, 152 U. S. 211; *United States* v. *Grimaud*, 220 U. S. 506; *People* v. *Ortiz*, 29 P.R.R. 395; and *People* v. *Carril*, 41 P.R.R. 266.

Since Article 61 of Regulations No. 96 of the Health Department is not valid in so far as it exempts from criminal responsibility any person who transports milk under the conditions enumerated therein, the judgment shall be affirmed.

---

[1] As stated by Burdick in "The Law of the American Constitution," p. 151, there is one exception to the rule against the delegation of legislative powers which is as widely recognized as the rule itself. This exception is in favor of the grant of the power of local self-government to municipalities.